FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2017 SEP 21 A 9: 12

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:17-CR-215 |
| v. | Count 1: 18 U.S.C. § 1956(h)<br>Conspiracy to Commit Money Laundering |
| RAYMOND JUIWEN HO, | Count 2: 18 U.S.C. §§ 1956(a)(3), 2<br>Money Laundering |
| Defendant. | Forfeiture Notice |

**CRIMINAL INFORMATION**

**COUNT 1**
**(Conspiracy to Commit Money Laundering)**

THE U.S. ATTORNEY CHARGES THAT:

Beginning as early as in or around July 2014, and continuing through on or about February 17, 2017, within the Eastern District of Virginia and elsewhere, the defendant, RAYMOND JUIWEN HO, did knowingly, intentionally, and unlawfully combine, conspire, and agree with others to: (a) conduct and attempt to conduct a financial transaction which involved the proceeds of a specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; (b) transport, transmit, and transfer, and attempt to do so, a monetary instrument and funds from a place in the United States to and through a place outside the United

States and to a place in the United States from and through a place outside the United States knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343; and (c) knowingly engage and attempt to engage in a monetary transaction in criminally derived property valued greater than $10,000 and derived from specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343.

(In violation of Title 18, U.S. Code, Section 1956(h).)

## COUNT 2
### (Money Laundering)

THE U.S. ATTORNEY CHARGES THAT:

On or about March 9, 2016, within the Eastern District of Virginia and elsewhere, the defendant, RAYMOND JUIWEN HO, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, that is, smuggling goods from the United States in violation of 18 U.S.C. § 554.

(In violation of Title 18, U.S. Code, Sections 1956(a)(3) and 2.)

## FORFEITURE NOTICE

The allegations contained in Counts 1 and 2 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, as described herein.

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the Defendant is hereby notified that, upon a conviction for violating 18 U.S.C. § 1956, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1)–(2) and 28 U.S.C. § 2461(c), the United States also may seek an order that forfeits substitute property if, by any act or omission of the Defendant, the property directly derived from or involved in the charged violations cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, U.S. Code, Section 982(a)(1) & (b)(1); Title 21, U.S. Code, Section 853(p); Title 28, U.S. Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

Dana J. Boente
United States Attorney

By: */s/ Alexander P. Berrang*
Alexander P. Berrang
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Email: Alexander.P.Berrang@usdoj.gov


Ryan Dickey
Trial Attorney
U.S. Department of Justice
Computer Crime and Intellectual Property Section
1301 New York Avenue, NW
Washington, DC 20530
Tel: 202-616-1509
Email: Ryan.Dickey@usdoj.gov


Elizabeth Wright
Trial Attorney
U.S. Department of Justice
Money Laundering and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20005
Tel: 202-514-1263
Email: Elizabeth.Wright3@usdoj.gov