

FILED
IN OPEN COURT

OCT 19 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:17-CR-*215* |
| ) | |
| RAYMOND JUIWEN HO, ) | |
| ) | |
| *Defendant*. ) | |

### **PLEA AGREEMENT**

Dana J. Boente, U.S. Attorney for the Eastern District of Virginia; Alexander P. Berrang, Assistant U.S. Attorney; Ryan K. Dickey, Senior Counsel, Computer Crime and Intellectual Property Section of the Criminal Division; Elizabeth Wright, Trial Attorney, Money Laundering and Asset Recovery Section of the Criminal Division; the defendant, RAYMOND JUIWEN HO; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to a two-count Criminal Information charging the defendant with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and Money Laundering, in violation of 18 U.S.C. § 1956(a)(3). The maximum penalties for Count 1, Conspiracy to Commit Money Laundering, are: a maximum term of 20 years of imprisonment; a fine of $500,000 or an amount not more than twice the amount of the property involved in the transaction(s); forfeiture of assets as outlined below; a special assessment pursuant to 18 U.S.C. § 3013; and 3 years of supervised release. The maximum penalties for Count 2, Money Laundering, are: a maximum term of 20 years of imprisonment; a fine of not

more than $250,000; forfeiture of assets as outlined below; a special assessment pursuant to 18 U.S.C. § 3013; and 3 years of supervised release. The defendant agrees to pay full restitution, and understands that any term of supervised release is in addition to any term of imprisonment the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.     **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

- Sections 3D1.1 and 3D1.2(d) require that Counts 1 and 2 be grouped because the offense level for Counts 1 and 2 are determined largely on the basis of the total amount of harm or loss;

- Section 3D1.3(b) requires that the offense level applicable to the Group is the offense level corresponding to the aggregated quantity of funds laundered, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three of the Guidelines;

- Section 2S1.1(a)(2) and 2B1.1(b)(1)(I) establish a base offense level of 24, calculated as 8 plus 16, the number of offense levels from the table in § 2B1.1 corresponding to the aggregated value of the laundered funds exceeding $1,500,000;

3

- Section 2S1.1(b)(1)(B)(iii) requires a 6-level enhancement because § 2S1.1(a)(2) applies and the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote, an offense involving firearms;

- Section 2S1.1(b)(2)(C) requires a 4-level enhancement because § 2S1.1(a)(2) applies and the defendant was in the business of laundering funds;

- Section 3C1.1 requires a 2-level enhancement because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct or a closely related offense.

The defendant understands that the United States may argue that the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive and therefore that Section 3B1.1(a) of the Sentencing Guidelines applies. The defendant further understands that he may argue that this enhancement does not apply.

The defendant also understands that the United States may argue that the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense and therefore that Section 3B1.3 of the U.S. Sentencing Guidelines applies. The defendant further understands that he may argue that this enhancement does not apply.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion

prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

5. **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

6. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction.

7. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

8. **Restitution**

Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this Plea Agreement and as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the following victims have suffered the following losses and are entitled to restitution:

| Victim Identifier | Amount of Restitution |
|---|---|
| B.A. | $247,906.03 |
| R.B. | $610,994.34 |
| J.D. | $185,000.00 |
| F.F. | $185,000.00 |
| M.G. | $727,518.69 |
| M.L. | $258,080.00 |

| F.O. | $5,265.00 |

The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

### 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Criminal Information or Statement of Facts.

### 10. Notification to Bars

Upon entry of the defendant's guilty plea to the Criminal Information, the United States will notify the Georgia State Bar and D.C. Bar of the defendant's conviction. The defendant agrees to permit the United States, upon request from any state bar, to provide all relevant information pertaining to the defendant's conviction.

### 11. Defendant's Cooperation

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

b.     The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c.     The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d.     The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e.     The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f.     The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g.     Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**12.     Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining

the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this Plea Agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this Plea Agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

13. **Prosecution in Other Jurisdictions**

In addition, the U.S. Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the U.S. Attorney's Office for the Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this Plea Agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

The U.S. Attorney's Office for the Eastern District of Virginia represents that it has contacted the U.S. Attorney's Office for the District of Columbia and that jurisdiction has agreed to abide by the terms of this agreement.

14. **Defendant Must Provide Full, Complete and Truthful Cooperation**

This Plea Agreement is not conditioned upon charges being brought against any other individual. This Plea Agreement is not conditioned upon any outcome in any pending

investigation. This Plea Agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This Plea Agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This Plea Agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 15. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 16. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any money laundering- or fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses, or property involved in the money laundering offense. The defendant agrees to forfeit to the United States any property owned by the defendant up to the value of the forfeiture money judgment outlined below, whether real or personal, because the property involved in the offenses(s), as a result of act(s) and omission(s) of the defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; and/or (e) have been

commingled with other property which cannot be divided without difficulty. The property to be forfeited includes, but is not limited to the following specific property:

    a.    a forfeiture money judgment reflecting the amount of property involved in the money laundering, in the amount of no less than $218,980;

    b.    the following electronic devices:

        i.    a Toshiba laptop computer (S/N: X7151940R);

        ii.    three Lenovo ThinkPad laptop computers (S/Ns: L3-G6053; 4337M2L8LAG; and R9-6RLBF);

        iii.    two Apple iPads (S/Ns: DMPMQ6URF4YF; and DKVJW06WDKPH);

        iv.    an Apple iPod (S/N: CCQMR4Y6G22r);

        v.    a Western Digital external storage device (S/N: WXE506616593);

        vi.    an SP Armor external hard drive (S/N: 14023217-09);

        vii.    two Seagate external hard drives (S/Ns: NA01V32Y; and NA7K7KJ7);

        viii.    a Gorilla USB thumb drive;

        ix.    an Xporter thumb drive;

        x.    a PNY thumb drive;

        xi.    a thumb drive (S/N: ACR38T);

        xii.    a SanDisk thumb drive (S/N: 6L1202WZPB);

        xiii.    a mini disk (S/N: 05D407113P5856);

        xiv.    a Scandisk USB 8 GB thumb drive (S/N: SDCZ6-8192RB);

        xv.    a Coma cellular telephone (S/N: 701D6C54);

        xvi.    a China Unicom SIM card (S/N: 89860 10904 75533 9725G); and

        xvii.    an orange SIM card (S/N: 89852 07114 30855 90956);

c. the following items:

   i. a collection of approximately 334 coins of varying denominations;

   ii. four boxes and two bags of miscellaneous documents; and

   iii. four bags provided to the defendant by undercover law enforcement agents;

d. all funds in the following domestic and foreign bank accounts:

   i. an Interest on Lawyers' Trust Account ("IOLTA") at BB&T Bank with the account number 5163111200 and under the business name of HG International PLLC;

   ii. an IOLTA at Bank of America with the account number 001926261223 under the business name of HG International PLLC Trustee;

   iii. an account at Charles Schwab with the account number 4281-9528 under the defendant's name;

   iv. an account at HSBC Bank USA with the account number 347025650 and under the defendant's name;

   v. an account at HSBC Bank Hong Kong with the account number 817792534838 under the business name of Ho Group Holdings, Inc.;

   vi. an account at JPMorgan Chase with the account number 188716217 under the business name of FIN International LLC;

   vii. an account at Mega International Commercial Bank with the account number 01758000738 under the business name of Ho Group Holdings, Inc.;

   viii. an IOLTA at PNC Bank with the account number 5307734749 under the

business name of HG International PLLC;

ix. an account at SunTrust Bank with the account number 1000169229738 under the business name of NDQ International, PLLC;

x. an account at TD Bank with the account number 4307520894 under the business name of HG International PLLC;

xi. an account at TD Bank with the account number 4307520901 under the name of the defendant;

xii. an account at United Bank with the account number 66469962 under the name of JARC International, LLC; and

xiii. an IOLTA at United Bank with the account number 65905586 under the name of HG International PLLC.

The defendant understands that if property involved in the money laundering offenses is not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of that property. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

In addition, if restitution is ordered as part of the sentence and in the event the defendant submits a financial affidavit to the U.S. Attorney's Office and the U.S. Attorney's Office determines in its sole discretion that the defendant meets the criteria for restoration under the restoration policy of the Money Laundering and Asset Recovery Section ("MLARS") of the U.S. Department of Justice, including an inability to pay both restitution and forfeiture, the U.S. Attorney's Office will submit a restoration request to MLARS that any amount obtained through forfeiture be applied towards any restitution ordered. If, however, the U.S. Attorney's Office determines in its sole discretion that the defendant does not meet those criteria, the U.S. Attorney's Office shall be under no obligation to make any such request. The defendant further understands that MLARS, which is not bound by this agreement, retains ultimate discretion regarding whether to grant or deny any restoration request. Moreover, the defendant acknowledges that a defendant has no right to an offset against restitution for any property forfeited, *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014), and agrees not to challenge any decision made by the U.S. Attorney's Office or MLARS with respect to any decision with respect to any restoration recommendation. The defendant also agrees not to request that the Court reduce or otherwise offset any forfeiture order entered by the amount of restitution ordered or any restitution order entered by the amount of any forfeiture ordered.

**17. Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is

14

accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.

**18. The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past five years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**19. Payment of Taxes and Filing of Tax Returns**

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the defendant's taxes, interest and penalties, and to the civil and forfeiture sections of the U.S. Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file true and correct tax returns for the years 2013, 2014, 2015, and 2016 within sixty days and to pay all taxes, interest and penalties for the years 2013, 2014, 2015, and 2016 within a reasonable time in accordance with a plan to be devised by the Probation Office. The defendant further agrees to make all books,

records and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest and penalties for the years 2013, 2014, 2015, and 2016.

**20.    Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that

statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 21. Nature of the Agreement and Modifications

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: /s/ Alexander P. Berrang
Alexander P. Berrang
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Virginia

Ryan K. Dickey
Senior Counsel
Computer Crime and Intellectual Property Section
Criminal Division, U.S. Department of Justice

Elizabeth Wright
Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice

<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Criminal Information. Further, I fully understand all rights with respect to Title 18, U.S. Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: September 19, 2017

_____
Raymond Juiwen Ho
Defendant


<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Criminal Information. Further, I have reviewed Title 18, U.S. Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: September 19, 2017

_____
Timothy D. Belevetz, Esq.
Counsel for the Defendant