IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:17-cr-215 (LMB) |
| ) | |
| RAYMOND JUIWEN HO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On June 2, 2020, defendant Raymond Ho ("defendant" or "Ho") filed an Emergency Motion for Compassionate Release ("Motion for Compassionate Release") under 18 U.S.C. § 3582(c)(1)(A) in which he asked the Court to "resentence him to time served, home confinement, or such other sentence deemed just and proper" due to concerns about the coronavirus. In support of his Motion for Compassionate Release, defendant submitted a letter he wrote to the warden of his facility, dated April 15, 2020, in which he requested "early release to home confinement pursuant to the Cares Act as well as the recent memos released by Attorney General Barr." [Dkt. 44-2]. Defendant was sentenced to an 84-month term of incarceration, which was later reduced to a 60-month term of incarceration, following his guilty pleas to money laundering and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(3) and (h). [See Dkt. 25–26, 42]. That sentence constituted a significant downward departure from the 188-to-235-month term of incarceration which was recommended by the Sentencing Guidelines. [See Dkt. 18, 27].

On June 6, 2020, the government filed a Motion to Dismiss defendant's Motion for Compassionate Release ("Motion to Dismiss") in which it explained that the Bureau of Prisons ("BOP") has granted defendant's April 15, 2020 request to the warden and that defendant will be

transferred to home confinement on June 23, 2020 following a 14-day quarantine. "Because [the] BOP has agreed to provide defendant the relief he requested, . . . the government submit[ted] that defendant's [Motion for Compassionate Release] is now moot." [Dkt. 48]. Despite his request to the warden having been granted, defendant opposes the Motion to Dismiss because the Motion for Compassionate Release alternatively requested that the Court resentence him to time served as opposed to home confinement, and "the Court has not had an opportunity to consider" that request. [Dkt. 49].

Defendant has received the primary relief he requested from the BOP, which was to be freed from incarceration in a prison facility. Moreover, he has also been granted one of the forms of relief he requested from the Court, which was early release to home confinement. In light of defendant's serious felony convictions and the significant downward departure he already received at his sentencing hearing, release to home confinement is not an overly burdensome outcome and no further relief is justified. Moreover, in every case in which this Court has granted a defendant compassionate release under § 3582(c)(1)(A) due to the coronavirus, it has imposed home confinement as a special condition of supervised release. See, e.g., United States v. Chatelain, Case No. 1:19-cr-133; United States v. Williams, Case No. 1:17-cr-254-3. For these reasons, the government's Motion to Dismiss [Dkt. 48] is GRANTED, and it is hereby

ORDERED that defendant's Motion for Compassionate Release [Dkt. 43] be and is DENIED as moot.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 9th day of June, 2020.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge