IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:17-cr-215 |
| v. ) | |
| ) | |
| RAYMOND JUIWEN HO, ) | |
| ) | |
| *Defendant*. ) | |

**DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Raymond Juiwen Ho ("Mr. Ho"), by and through counsel, hereby moves the Court for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Mr. Ho began his three-year term of supervised release on January 12, 2022. Since then, his conduct has been exemplary as he has fully complied with all conditions imposed by the Court. Mr. Ho further submits that the early termination of his supervised release is in the interest of justice.

**I.   PROCEDURAL BACKGOUND**

On October 19, 2017, Mr. Ho entered a pre-indictment guilty plea to a criminal information charging him with one count of conspiracy to commit money laundering in violation of 18 U.S.C.§ 1956(h) and one count of money laundering in violation of 18 U.S.C. § 1956(a)(3). On February 2, 2018, the Court sentenced him to term of imprisonment of 84 months followed by three years of supervised release. On January 12, 2022, Mr. Ho was released from home confinement and placed on supervised release. He has now served nearly a year and nine months of that term.

## II.     ARGUMENT

### A.     Applicable Law

Under Title 18, U.S. Code, Section 3583(e)(1), the Court may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) directs the Court to consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory sentencing purposes; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a). The statutory sentencing purposes are to reflect the seriousness of the offense; promote respect for the law; provide just punishment and adequate deterrence; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *Id.*

In addition, the Judicial Conference directs that probation officers "should consider the suitability of early termination for offenders as soon as they are statutorily eligible." Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 389.10(b), "Early Termination" (Monograph 109) (rev'd 2010). It has set forth the following factors for assessing whether a probation officer should recommend an eligible candidate to the court for early termination:

(1)     Stable community reintegration (e.g., residence, family, employment);

(2)     Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3)      No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

(4)      No history of violence (e.g., sexually assaultive, predatory behavior or domestic violence);

(5)      No recent arrests or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;

(6)      No recent evidence of alcohol or drug abuse;

(7)      No recent psychiatric episodes;

(8)      No identifiable risk to the safety of any identifiable victim; and

(9)      No identifiable risk to public safety based on the Risk Prediction Index.

*Id.*

Further, in 2012, the Honorable Robert Holmes Bell, the then-Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all U.S. District Court judges recommending early termination of probation (and supervised release) in appropriate cases as part of an effort to decrease spending for federal probation and pretrial services. The Hon. Robert Holmes Bell, Judicial Committee on Criminal Law, "Cost-Containment Strategies Related to Probation and Pretrial Services Offices" (Feb. 16, 2012) at 2, attached hereto as Ex. 1. "Terminating appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." *Id.*

      **B.**      **Mr. Ho Meets the Criteria for the Early Termination**

Mr. Ho meets the criteria for early termination of supervised release. The early termination of his supervised release is warranted by his conduct and is in the interest of justice.

Mr. Ho's conduct while on supervised release has been exceptional. He has fulfilled all of the conditions of his supervision and is not in need of programming or treatment. His

reintegration into the community following incarceration at a minimum security prison camp and home confinement has been seamless. He has maintained stable employment as a senior advisor at WPAT, PC, an intellectual property law firm in Vienna, Virginia. He lives with his wife and teen-aged stepson in Annandale, Virginia.

Mr. Ho has been in full compliance with the conditions of supervision from day one. U.S. Probation Officer Nicole Andrews, who supervises Mr. Ho, reports he has done well on supervised release and is fully supportive of his early termination.

A low-risk offender, Mr. Ho has been a model supervisee. Although he was assessed an aggravated role for purposes of the sentencing guidelines calculation, he has no history of violence, no recent arrests or convictions, no recent history of alcohol or drug abuse, and no psychiatric issues. He poses no threat to any victim of the offense or to the community. In addition, he is a first-time offender.

The early termination of Mr. Ho's term of supervised release is also in the interest of justice. He is now 54 years old, has fully reintegrated into society, and is living a productive life in Northern Virginia helping his ex-wife raise his two teen-aged sons and, along with his current wife, supporting his teen-aged stepson. There is no need to continue expending resources to supervise an individual like him who has demonstrated strict compliance with the conditions of supervised release and who presents such a low risk of reoffending.

Mr. Ho is an excellent candidate for early termination based on the factors the Court must consider. He remains deeply remorseful for engaging in the conduct that brought him before the Court and has again become a productive and law-abiding member of the community.

The undersigned has conferred with counsel for the United States, which opposes this early termination motion. No hearing is requested for this petition.

**III. CONCLUSION**

Considering Mr. Ho's successful transition into the community following his term of incarceration and his extraordinary performance on supervised release, he respectfully requests that the Court order the early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Respectfully submitted,

By: _____/s/_____
Timothy D. Belevetz (VSB No. 36110)
Ice Miller, LLP
200 Massachusetts Avenue, N.W., Suite 400
Washington, DC 20001
Tel: (202) 572-1605
timothy.belevetz@icemiller.com

*Counsel for Defendant Raymond Juiwen Ho*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of October 2023, I caused the foregoing to be filed electronically using the Court's CM/ECF system, which sends notification of such filing to counsel of record.

                                          /s/
                                Timothy D. Belevetz
                                Ice Miller, LLP
                                200 Massachusetts Avenue, N.W., Suite 400
                                Washington, DC 20001
                                Tel: (202) 572-1605
                                timothy.belevetz@icemiller.com